## In re Slovak American Beneficial Union of Philadelphia

*William C. Schwebel,* for petitioners.

ALESSANDRONI, J., December 30, 1933.—The master in his report finds that the proposed corporation is in all respects legitimate and proper except that:

(*a*) The application does not recite the post office address of the proposed corporation's initial registered office.

(*b*) The application does not recite the amount of assets which the corporation will have to start its corporate functions, which according to the testimony consists of $150 to $175 in cash.

(*c*) The name of the proposed corporation contravenes the provisions of section 202 of the Nonprofit Corporation Law of May 5, 1933, P. L. 289, and he accordingly recommends that, upon the amendment of the application to show the proposed post office address and the amount of assets and to change the corporation's name to one in accordance with law, and upon the further registration of the new name with the Department of State and the re-advertising of this application, if no remonstrance be received, the court grant a decree incorporating the proposed corporation.

The objections found by the master are predicated upon his opinion that this application for charter is ruled by the provisions of the Nonprofit Corporation Law of 1933. The Act of Assembly was approved May 5, 1933, but was not to become effective until July 3, 1933. This application ·was filed with the prothonotary of our court on July 1, 1933, two days before the effective date of the new act. The Secretary of the Commonwealth accepted and approved the registration of the title of the proposed corporation on June 15, 1933, and the petition for charter was signed by the applicants on June 3d. We cannot agree with the master that, in the absence of a saving clause in the new Nonprofit Corporation

Law, this application is subject to the provisions of the new act. We believe the effective date to be controlling, and since the application is in proper form and the testimony shows the corporation to be otherwise lawful and not injurious to the community, we grant the prayer of the petition in the manner and form prayed for.